UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURTIS N. HARRIS,            )
                             )
       Plaintiff,            )   Case No. 1:05-cv-593
                             )
v.                           )   Honorable Robert Holmes Bell
                             )
DAVID GUNDY et al.,          )
                             )
       Defendants.           )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Marquette Branch Prison. However, the incidents complained of in Plaintiff's complaint occurred at the Oaks Correctional Facility and the Ionia Maximum Correctional Facility. In his *pro se* complaint, Plaintiff sues Warden Dave Gundy, Deputy Warden Cindi Curtin and Assistant Deputy Warden Dave Pratt of the Oaks Correctional Facility; Case Manager Larry Weaver; Health Care Unit Manager A. Young; Warden Willie Smith

of the Ionia Maximum Correctional Facility; Lieutenant (Unknown) Hogel; Officer (Unknown) Coran; Officer (Unknown) Gregory; Officer (Unknown) Lamibear; Officer (Unknown) Carmilo; Officer (Unknown) Ferguson; four unknown corrections officers; Health Care Unit Manager A. Karp; Region II Health Care Administrator G. Devoss; Region I Health Care Administrator T. Malloy; Regional Prison Administrator James MacMeekin; and Transfer Coordinator Chris Crysler, in their official capacities. Plaintiff asserts the following eight claims against specifically named Defendants.

First, Plaintiff claims that Defendants Gundy, Curtin, Pratt, Weaver, MacMeekin and Crysler transferred him from the Oaks Correctional Facility Level IV administrative segregation to the Ionia Maximum Correctional Facility Level V administrative segregation in retaliation for filing lawsuits against the custody and health care staff at the Oaks Correctional Facility. *See Harris v. Kilpapr et al.*, No. 5:05-cv-113 (W.D. Mich.). Plaintiff attached ECF 0504-0720-28E Step I, Step II and Step III grievance forms and the Step II and Step III responses for this claim.

Second, Plaintiff complains that the MDOC transferred him from the Oaks Correctional Facility to the Ionia Maximum Correctional Facility, which is a "non-medical" facility, after being discharged from the hospital for a brain aneurysm on June 21, 2004. Plaintiff sues Defendants Gundy, Curtin, Pratt, Weaver, Young and Malloy because they knew that the Ionia Maximum Correctional Facility could not meet Plaintiff's medical needs. Plaintiff attached ECF 0504-0721-28E Step I, Step II and Step III grievance forms and the Step II and Step III responses for this claim.

Third, Plaintiff sues Defendant Karp for allowing corrections officers, who are not qualified health professionals, to serve Plaintiff's medication at 10:00 pm and 2:00 am. To treat

Plaintiff's brain aneurysm until his Microdelivery Stent System surgery on August 16, 2004, Plaintiff's doctor prescribed Nimotop for him. The doctor strongly recommended that Plaintiff take Nimotop every four hours to avoid vasospasm, a condition that narrows the blood vessels. Plaintiff alleges that he missed numerous doses of the medication between June 28 and July 26, 2004. Plaintiff attached ICF 0407-1541-12F2 Step I, Step II and Step III grievance forms and responses for this claim.

Plaintiff's fourth claim arose on July 16, 2004 when Nurse (unknown) Dickerson delivered his medication late. Plaintiff sues Defendants Smith, Hogel, Lamibear, Carmilo, Ferguson and an unknown corrections officer. Defendant Ferguson, who was escorting Nurse Dickerson, called Plaintiff several degrading names when Plaintiff asked why his medication was late. When Plaintiff refused to remove his hands from the cell slot, Defendants Hogel, Lamibear, Carmilo, Ferguson and an unknown corrections officer came to close Plaintiff's slot. Those Defendants allegedly beat Plaintiff's hands and Defendant Hogel sprayed Plaintiff with chemical agents. Plaintiff suffered several cuts and bruises from the beating and his hands were severely swollen. Plaintiff attached ICF 0502-0247-28E Step I, Step II and Step III grievance forms and the Step III grievance response for this claim.

Fifth, Plaintiff sues Defendants Smith, Hogel, Carmilo and three unknown corrections officers for spraying chemical agents on Plaintiff on August 10, 2004. Because Plaintiff is asthmatic, suffered from a brain aneurysm on June 2, 2004, and was scheduled to undergo major surgery on August 16, 2004, Plaintiff argues that he should not have been exposed to chemical agents. Plaintiff also complains of injuries received while being carried from the shower to his cell by Defendant

Carmilo and three unknown corrections officers. Plaintiff attached ICF 0408-1727-12E Step I, Step II and Step III grievance forms and responses for this claim.

Sixth, Plaintiff sues Defendants Coran and Gregory for injuries that he received on August 27, 2004 while moving cells. Plaintiff alleges that Defendant Coran, who held the chains that ran along Plaintiff's back and connected to his hand and leg cuffs, pushed him. As a result, Plaintiff fell and injured his neck and back so that he had to wear a neck brace for two weeks. Plaintiff attached ICF 0409-1772-26A Step I, Step II and Step III grievance forms and the Step III response for this claim.

Seventh, Plaintiff sues Defendant Smith for injuries that he received on September 18, 2004. On September 18th, the MDOC airlifted Plaintiff to Butterworth Hospital in Grand Rapids for a concussion, respiratory failure and internal bleeding. Plaintiff did not provide details as to how or why he received the alleged injuries. Plaintiff also sues Defendant Smith because the Ionia Maximum Correctional Facility is not equipped to serve Plaintiff's medical needs. Plaintiff attached ICF 0409-1891-22A Step I, Step II and Step III grievance forms and the Step II and Step III response for this claim.

In his final claim, Plaintiff sues Defendants Karp and Devoss because they allegedly knew that the Ionia Maximum Correctional Facility, where Plaintiff was incarcerated from June 21 to October 7, 2004 and February 3 to March 1, 2005, could not meet Plaintiff's medical needs. Plaintiff argues that Defendants Karp and Devoss failed to follow proper procedures and policy directives in transferring him to a non-medical facility. Further, Plaintiff maintains that Defendants Karp and Devoss were a part of the corruption, abuse, punishment, retaliation and lack of due process that Plaintiff received to stop him from reporting claims against the staff at the Oaks

Correctional Facility. Plaintiff attached ICF 0502-0248-28E Step I, Step II and Step III grievance forms and the Step III response for this claim.

For relief, Plaintiff requests monetary damages, injunctive relief, release from administrative segregation and placement in Security Level IV confinement. Plaintiff also requests that he be transferred to a facility that can meet his medical needs. Finally, Plaintiff asks to be transferred to a "safe place and not to come into any contact with chemical agents."

## II.   Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v.*

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

*Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's medical claims and claims regarding his conditions of confinement are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). Plaintiff filed numerous grievances concerning his claims and appealed them to Step III. Plaintiff, however, failed to allege wrongdoing against the following defendants through the three-step grievance process. In grievance ICF 0407-1541-12F2, Plaintiff failed to grieve Defendant Karp in any step of the grievance process. In grievance ICF 0408-1727-12E, Plaintiff also failed to grieve Defendant Carmilo in any step of the grievance process. As stated above, a prisoner must specifically name the involved parties in the grievance to alert the prison officials of the problems so that the prison has a chance to address the claims before they reach federal court. *Burton*, 321 F.3d at 574-75. Although Plaintiff exhausted some claims through the grievance process, his complaint must be dismissed for lack of total exhaustion. The Sixth Circuit held in *Jones-Bey v. Johnson*, 407 F. 3d 801, 805 (6th Cir. 2005) that a civil rights action containing both exhausted and unexhausted claims must be dismissed for lack

of total exhaustion. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Date:    September 21, 2005             /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE